# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2022 07:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Shanbrom,Deputy Clerk

**SUM-100**

# SUMMONS ON FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLSTATE NORTHBROOK INDEMNITY COMPANY, and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN GUDINO BUENROSTRO and ELVIRA DE GUDINO

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court - North<br>42011 4th Street West<br>Lancaster, CA 93534 | CASE NUMBER:<br>*(Número del Caso):*<br><br>21AVCV00821 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark J. Leonardo, Of Counsel (SBN 125061) Kuzyk Law, LLP, 1700 W. Ave K, #101, Lancaster, CA 93534

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 01/12/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* B. Shanbrom | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Allstate Northbrook Undemnity Company
3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date):* 1-21-22

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2022 07:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Shanbrom, Deputy Clerk

Mark J. Leonardo, *Of Counsel* (SBN 125061)
**KUZYK LAW, LLP**
1700 West Avenue K, Suite 101
Lancaster, California  93534
Telephone: (661) 945-6969
Facsimile:  (661) 723-0814

Attorneys for Plaintiffs
JUAN GUDINO BUENROSTRO and
ELVIRA DE GUDINO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - NORTH DISTRICT

| | |
|---|---|
| JUAN GUDINO BUENROSTRO AND ELVIRA DE GUDINO, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE NORTHBROOK INDEMNITY COMPANY, and DOES 1 through 10, <br><br> Defendants. | CASE NO: 21AVCV00821 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **BREACH OF CONTRACT;** <br> 2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and** <br> 3. **VIOLATION OF THE UNFAIR COMPETITION LAW (Bus. & Prof. Code §17200 et seq.)** |

COMES NOW, Plaintiffs JUAN GUDINO BUENROSTRO ("Juan") and ELVIRA DE GUDINO ("Elvira")  (hereinafter collectively "Plaintiffs") and alleges against Defendants, and each of them, as follows:

### PRELIMINARY ALLEGATIONS

A.    Jurisdiction and Parties

1.    At all times mentioned herein, Plaintiffs JUAN GUDINO BUENROSTRO and ELVIRA DE GUDINO were, and now are, residents of the City of Lancaster, County of Los Angeles, State of California, and are husband and wife.

/ / /

/ / /

Electronically Received 01/12/2022 07:05 PM          KUZYK LAW, LLP

2.     Defendant ALLSTATE NORTHBROOK INDEMNITY COMPANY (hereinafter ("Allstate") at all times herein mentioned was, and now is, an insurance company incorporated in the State of Illinois, duly licensed by the California Department of Insurance to conduct the business of insurance in the State of California, and is doing business in the County of Los Angeles, State of California as a property and casualty insurer. As used herein, "Defendants" or "Defendant" shall collectively mean and refer to Defendant Allstate and the DOE defendants.

3.     Plaintiffs do not know the true names, identities or capacities of Defendants DOES 1 to 10, and therefore sues said defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to assert their true names, identities and capacities when same have been ascertained. Plaintiffs are informed, believe and thereon allege, that each of the defendants designated as a DOE was responsible in some manner for the events and happenings referred to and that their conduct directly, and legally, caused the injuries and damages sustained by Plaintiffs as herein alleged, either through said defendants own conduct or through the conduct of their agents, servants, employees, or in some other manner.

4.     Plaintiffs are informed, believe and thereon allege that all defendants including the fictitious Doe Defendants, and each of them, were at all times mentioned the agent, servants and/or employees of each of the other defendants, and in doing the things alleged, were acting within the course and scope of such employment, agency and/or service. Further, when acting as a principal, each defendant approved, consented to, and ratified the acts and conduct of his, her and/or its Co-Defendants.

5.     Plaintiffs are informed, believe, and on that basis allege, that the contract and the conduct which is the subject of this complaint were entered into and occurred, in the County of Los Angeles, North Judicial District, State of California.

**B.     Allstate Issues an Automobile Policy to Plaintiffs Which Includes Uninsured/Underinsured Motorist Coverage**

6.     Prior to and on 04/09/17, Plaintiffs lived together in Palmdale, California.

- 2 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  Plaintiff Juan had automobile liability insurance through Allstate, Policy number 927 880

2  502 ("the Policy"), insuring his 2005 Toyota Tacoma naming Juan as the insured driver of

3  the 2005 Toyota Tacoma and as an insured vehicle.

4      7.      The Policy provided bodily injury liability coverage in the amount of $100,000

5  per person and $300,000 per accident for both Juan and his wife Elvira and insured the

6  2005 Toyota Tacoma.  The Policy also provided uninsured/underinsured motorist bodily

7  injury liability in the amount of $100,000 per person and $300,000 per accident, with a

8  separate premium assessed for such coverage.

9      8.      The Policy was in full force and effect at all times herein mentioned.  The

10  Policy obligated Allstate under the uninsured/underinsured motorist provisions to pay

11  damages which Plaintiffs became legally entitled to recover from the owner or operator of

12  an uninsured motor vehicle as a result of an automobile accident.  The Policy states in

13  pertinent part under Part VI – Uninsured Motorist Coverage:

> "Coverage SS – We will pay those damages that an insured person is
> legally entitled to recover from the owner or operator of an uninsured
> auto because of:
>
> 1.  Bodily injury sustained by an insured person, and property damage.
> . . .
>
> The bodily injury or property damage must be caused by an accident
> and arise out of the ownership, maintenance or use of an insured auto.
> We will not pay any punitive or exemplary damages.
> . . .

20      9.      Plaintiffs timely paid the premiums on the Policy, and did all other acts

21  required to keep the Policy in full force and effect.  Plaintiffs performed all conditions,

22  covenants and obligations to be performed on their part pursuant to the terms of Policy.

23  Plaintiffs intended and expected thereby to be assured peace of mind, as well as financial

24  and economic security, in the event they suffered bodily injury and property damages

25  arising from an automobile accident caused by an uninsured or underinsured motorist.

26  / / /

27  / / /

28  / / /

KUZYK LAW, LLP

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**C.** **Plaintiffs are Involved in a Three Vehicle Automobile Accident Caused by an Uninsured Motorist on April 9, 2017, Suffering Serious Bodily Injuries Following Which Both Plaintiffs Made Claims Against their Allstate Policy Because the Driver at Fault was Uninsured.**

10.     On 04/09/17, Plaintiffs were involved in an auto accident with an uninsured motor vehicle driven by Earnisha Lana Marshay Johnson ("Johnson") and owned by Demoy Nadia Diaz.  The accident occurred when Johnson failed to yield at a stop sign in violation of California Vehicle Code section 21801, subd. (a) and collided with a third-party vehicle driven by Betsaida R. Ramos.  Ms. Ramos then veered into oncoming traffic and struck Juan's oncoming Toyota Tacoma head-on on the right side.  Johnson's vehicle then also struck Juan's Toyota Tacoma on the left side.

11.     As a result of the accident, Juan, age 71 at the time, and Elvira, age 72 at the time, sustained serious bodily injuries.  Plaintiffs suffered substantial direct and indirect financial losses, including the reasonable value of the care and services of physicians, medical facilities and other practitioners of the healing arts, and other similar damages.  The general and special damages incurred by Elvira arising from the accident were clearly in excess of the uninsured motorist bodily injury limits available under the Policy.

12.     Plaintiffs promptly made a claim under their Allstate Policy for the uninsured motorist benefits.

13.     Being that Johnson was uninsured, Juan also made a claim for property damage under the Allstate Policy, claiming Johnson's vehicle had caused the damage to his vehicle.

**D.** **Plaintiffs Initiate Arbitration Proceedings Against Allstate After Allstate makes Low Ball Offers to Settle.**

14.     On 04/03/18, Plaintiffs provided Allstate with proof of their claim for damages which included medical records setting forth their injuries.  At that time, the medical billing statements for Juan totaled $7,411.76 with an estimate of future medical treatment

- 4 -

1   totaling $26,800.  The medical billing statements at that time for Elvira totaled
2   $68,013.71.

3       15.    On 05/24/18, a demand was made on behalf of Elvira to settle for $94,999.99
4   where it was indicated that the damages clearly exceeded the policy limits.  The expiration
5   date of the demand was 06/07/18.

6       16.    On 06/06/18, Allstate made a lowball "top offer" of $40,000 to settle the claim
7   with Elvira.

8       17.    This offer violated the Fair Claims Settlement Practices Regulations, 10 CCR
9   § 2695.7, subd. (g) because it constituted "a settlement offer that is unreasonably low" as
10  manifested by the subsequent arbitration award of the policy limits of $100,000.  The facts
11  reflect that the initial $40,000 offer was 250% below the value ultimately established by
12  the neutral arbitrator (who indicated the value of the case was in excess of $100,000), and
13  the final offer of $60,000 made on 09/15/20 was 166.67% below the arbitrator's award.

14      18.    On 06/19/18, an updated demand to Allstate was submitted on behalf of both
15  Plaintiffs enclosing additional medical records and billing statements for Elvira then
16  totaling $72,203.71.

17      19.    Despite the increase in medical billing, as of 07/19/18, Allstate maintained its
18  lowball offer of $40,000 and extended a lowball "top offer" of $9,257 for Juan.

19      20.    This offer to Juan also violated the Fair Claims Settlement Practices
20  Regulations, 10 CCR § 2695.7, subd. (g) because it constituted "a settlement offer that is
21  unreasonably low" as manifested by the subsequent arbitration award of $32,500 to Juan.
22  The facts reflect that the "top offer" of $9,257 offer was 351% below the value ultimately
23  established by the neutral arbitrator.

24      21.    Unable to settle either claim, on 03/08/19, Plaintiffs made a formal request to
25  institute arbitration proceedings.  As a consequence, the attorney's fees Plaintiffs were
26  contractually obligated to pay to Kuzyk Law, LLP increased from 33% to 40%. Kuzyk Law
27  later reduced their fee.

28      22.    On 09/18/19, counsel for Elvira served a statutory offer to compromise

**FIRST AMENDED COMPLAINT FOR DAMAGES**

KUZYK LAW, LLP

1 pursuant to Code of Civil Procedure section 998 on her behalf for the sum of $94,999.99.

2  23.   Allstate did not accept Elvira's statutory offer to compromise.

3  **E.   In Bad Faith, Allstate Makes the Disingenuous Argument that Juan's**

4 **Pain and Treatment was Limited to One Week.**

5  24.   On 06/18/19, Allstate's counsel took the deposition of Juan via a Spanish

6 interpreter.  Although Juan indicated that he was only in pain for one week and only went

7 to the chiropractor 5 times over the course of one week, it was obvious from the entirety of

8 the deposition and the medical records that he was not testifying accurately.  In fact, the

9 medical records indicate that he went to 26 chiropractic visits over the course of  nearly

10 three months (04/11/17 through 06/30/17).  The only way Juan's testimony could have

11 reasonably been perceived as accurate is if the chiropractor had fabricated his records, for

12 which there was never any such argument made by Allstate or any evidence to support

13 such a notion.  Allstate disingenuously continued to make this argument throughout and

14 even to the arbitrator during the arbitration.

15  **F.   Allstate Makes its Final Lowball Offers Two Weeks Before**

16 **Arbitration.**

17  25.   On 09/15/20 (two weeks before arbitration), counsel for Allstate extended

18 their final offers of $60,000 to Elvira and $10,490 to Juan.  Plaintiffs did not accept either

19 offer, indicated they would accept $95,000 and $20,000, respectively, and proceeded to

20 arbitration when Allstate would not accept either demand by Plaintiffs.  During this

21 conversation, counsel for Plaintiffs informed Allstate's counsel that such offers were being

22 made in bad faith and that Allstate's tactics could subject them to a bad faith claim.

23 Nonetheless, Allstate proceeded to arbitration and did not increase their offers.

24  **G.   Allstate Decides to Gamble and "Take a Shot at Arbitration" Forcing**

25 **Their Own Insureds to be put Through a Complete Arbitration.**

26  26.   During that same conversation on 09/15/20, counsel for Allstate indicated

27 that "they've spent so much money at this point, the claims office feels they ought to take

28 a shot at arbitration."  She also indicated that as to Juan, Allstate insists he was only in

- 6 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**
-14-

KUZYK LAW, LLP

pain for one week in his mid-back based upon his deposition testimony, was not in much pain, and based on that, "their offer is very fair."  Counsel for Plaintiffs pointed out that such argument was disingenuous and he clearly suffered longer than one week, to no avail.

**H.**    **At the Long-Awaited Arbitration Allstate Argues Juan's Damages Were Limited to One Week and Elvira was Not Entitled to the Policy Limits.**

27.    Instead of extending reasonable offers to resolve the claims, Allstate forced the elderly Plaintiffs to go through the emotional fear and drama of the arbitration "taking their shot" in hopes of saving money.

28.    Plaintiffs' claim proceeded to arbitration before arbitrator, Robert Parris, on 10/02/20.  At the hearing, Allstate continued its attack on Juan arguing that his claim should be limited to the one week of chiropractic treatment as he testified at his deposition.  Elvira and their daughter, Maria Cardona, both testified that Juan was obviously mistaken in his deposition testimony based on the other facts he testified to and the chiropractic records themselves.  Allstate seized upon this mistake instead of acting fairly and extending an offer consistent with his medical records and the pain and suffering he actually endured.

**I.**    **The Arbitrator Finds 100% in Plaintiffs' Favor, Awarding Juan More Than Three Times Allstate's Last Offer and the Full Policy Limits to Elvira and Indicated her Claim had a Value in Excess of the Policy Limits.**

29.    On 10/14/20, Mr. Parris issued his award which states:

Based on the evidence the arbitrator awards claimant Juan Buenrostro $32,500.00.

Based on the evidence, **the total damages for claimant Elvira De Gudino exceeds the available Allstate policy limits of $100,000.00**. However, an arbitrator in an uninsured motorist claim may not award an amount in excess of the applicable policy limits (Campbell vs. Farmer's Insurance Exchange [1968] 260 Cal. App. 2d

**FIRST AMENDED COMPLAINT FOR DAMAGES**

KUZYK LAW, LLP

105, 37 Cal. Rptr. 175). The arbitrator awards claimant Elvira De Gudino the policy limits of $100,000.00. (Emphasis added). A true and correct copy of the Arbitration Award is attached marked as Exhibit "1."

**J.    Plaintiffs Recover a Portion of Their Costs from Allstate.**

30.    Following the award, Plaintiffs sought recovery of their costs incurred in the arbitration, including Elvira's expert costs pursuant to Code of Civil Procedure section 998 because she had been awarded an amount in excess of her section 998 statutory offer to compromise. Plaintiffs claimed recoverable costs and Allstate paid costs in the sum of $7,996.61. Plaintiffs' actual costs incurred and which they reimbursed their attorneys, Kuzyk Law, LLP, were $11,266.59.

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against All Defendants)**

31.    Plaintiffs re-allege and incorporate herein by reference the allegations contained in Paragraphs 1 through 30 of the Preliminary Allegations, as though fully set forth herein.

32.    Plaintiffs paid consideration in the form of premiums and haves faithfully performed all obligations required to be performed by them under the terms of the insurance contract, except to the extent performance may have been excused by, among other things, Allstate's bad faith conduct and breach of the insurance policy.

33.    Plaintiffs were insured under a valid insurance policy number 927 880 502, issued by Allstate which was in effect on 04/09/17, the date the loss occurred.

34.    Allstate breached the terms of the contract by failing to fully pay monies under the contract, by unreasonably and unnecessarily causing a delay in paying the monies under the contract, by extending lowball offers, and by forcing Plaintiffs to submit to arbitration in an effort to recover the monies under the contract, causing Plaintiffs to now institute this litigation.

35.    As a direct, proximate and legal result of Allstate's breach(es) of the contract, Plaintiffs have been, and continue to be, damaged in an amount in excess of the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

KUZYK LAW, LLP

1   jurisdictional limits of this Court, including but not limited to the loss of benefits due

2   under the contract, consequential damages including interest on monies Plaintiffs could

3   and should have received promptly, but which they did not receive in a timely fashion as a

4   result of Allstate's breach(es) of the insurance contract, and other fees, expenses and costs

5   to be proven at trial.

6       36.     Plaintiffs has also sustained other economic losses as a direct, proximate and

7   legal result of Allstate's conduct, in an amount to be proven at trial.

8       37.     Plaintiffs are entitled to prejudgment interest on the foregoing damages at

9   the rate of ten percent pursuant to Civil Code sections 3287, 3288 and/or 3291.

10                              **SECOND CAUSE OF ACTION**

11                      **(Breach of Implied Covenant of Good Faith**

12                      **and Fair Dealing Against All Defendants)**

13      38.     Plaintiffs re-allege and incorporate herein by reference the allegations

14  contained in Paragraphs 1 through 30 of the Preliminary Allegations, as though fully set

15  forth herein.

16      39.     The insurance policy identified in this action contained an implied covenant

17  of good faith and fair dealing, whereby Allstate agreed to perform its obligations under the

18  policy in good faith, to deal fairly with Plaintiffs, and not to unreasonably deprive

19  Plaintiffs of their rights under the Policy.

20      40.     Allstate tortiously breached its implied covenant of good faith and fair

21  dealing arising from the insurance contract by unreasonably withholding benefits due

22  under the policy, by failing to conduct a fair and objective claims investigation, by failing

23  to treat Plaintiffs and all other similarly situated insureds consistently, by failing to

24  properly adjust Plaintiffs' claims thereby causing significant delay in paying any benefits

25  to Plaintiffs, by failing to pay full policy benefits, by failing to pay fully policy benefits in a

26  timely manner, by extending lowball offers in violation of Insurance Code section 790.03,

27  subd. (h), subsections (5), (6) and (7) and 10 C.C.R. § 2695.7, subd. (g) and forcing

28  Plaintiffs to go through a complete arbitration of their claims and, including but not

KUZYK LAW, LLP

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  limited to, that expressly set forth in this amended complaint, all after accepting

2  insurance premiums from Plaintiffs.

3       41.    Despite Plaintiffs' demands for payment of the full policy benefit pursuant to

4  the terms of the Policy, Allstate continued to extend lowball offers and continued to

5  engage in unlawful insurance practices and misrepresentations causing Plaintiffs to incur

6  increased costs to unreasonably and unnecessarily submit to arbitration, in an effort to

7  force Plaintiffs to take less than the amounts demanded, and in the case of Elvira, less

8  than the full policy limit when it was clear that her claim had a value in excess of the

9  policy limits.  Such bad faith constitutes a tort which caused and is causing Plaintiffs

10  damages.

11       42.    Allstate engaged in a course of conduct to further their own economic

12  interests and in violation of its obligations to Plaintiffs. This conduct includes, but is not

13  limited to that conduct alleged in this complaint and the following:

14       a.    Not attempting in good faith to effectuate prompt, fair, and equitable

15  settlement of Plaintiffs' claims when the amount of loss was reasonably clear;

16       b.    Refusing to pay insurance benefits which a reasonable person would have

17  believed Plaintiffs were entitled to receive;

18       c.    Unreasonably delaying payments to Plaintiffs in bad faith, knowing

19  Plaintiffs' claims for benefits under the Policy to be valid, in an attempt to coerce Plaintiffs

20  into accepting less than the fair value for their claims;

21       d.    Unreasonably refusing to pay policy benefits to Plaintiffs in bad faith,

22  knowing Plaintiffs' claim for benefits under the Policy to be valid;

23       e.    Making a disingenuous argument that Juan's claim was limited to one-week

24  of pain and suffering and 5 visits of chiropractic care, knowing that he had treated with

25  his chiropractor 26 times over the course of nearly three months;

26       f.    Compelling Plaintiffs to incur increased legal expenses to obtain insurance

27  benefits which Allstate knew or reasonably should have known were owed to Plaintiffs;

28       g.    Interpreting the Policy in an unduly restrictive manner; Unreasonably

KUZYK LAW, LLP

delaying fully paying for Plaintiffs' covered injuries and losses;

h.     Attempting to induce Plaintiffs to release Allstate from all claims relating to its bad faith as a condition of paying the UM policy limits it had owed for years; and,

i.     Forcing Plaintiffs to arbitrate their claim when they refused to accept Allstate's lowball offers.

43.    Plaintiff is informed, believes and thereon alleges, that Allstate breached its duty of good faith and fair dealing owed to Plaintiffs by other acts or omissions of which will be shown according to proof at the time of trial.

44.    Allstate's conduct described herein constitutes part of Allstate's overall scheme to reduce the costs of legitimate insurance claims.

45.    Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Allstate has, in bad faith failed and refused to perform its obligations under the insurance Policy and under the laws of the State of California.

46.    As a direct, proximate and legal result of said breaches of the covenant of good faith and fair dealing by Allstate, Plaintiffs have been, and continue to be, damaged in an amount including, but not limited to, loss of Policy benefits and emotional distress, in an amount according to proof.  Plaintiffs were required to expend increased and unreimbursed costs in pursuing relief to which they are entitled as a matter of law.

47.    As a direct, proximate and legal result of the wrongful conduct of Allstate, Plaintiffs have sustained other non-economic and economic damages, in amounts to be proven at trial.

48.    On the basis of all of the facts alleged hereinabove, Allstate's conduct and actions were despicable, and were done maliciously, oppressively and fraudulently, with a willful and conscious disregard of Plaintiffs' rights, thereby subjecting Plaintiffs to unjust hardship and distress, entitling Plaintiffs to punitive damages under California Civil Code Section 3294.  Allstate is guilty of oppression and malice as those terms are defined under Civil Code  section 3294 because they extended lowball offers to settle, and knowingly

**FIRST AMENDED COMPLAINT FOR DAMAGES**

KUZYK LAW, LLP

1   made a disingenuous argument about Juan's claim.  Plaintiffs are informed, believe and

2   thereon allege that Allstate's officers, directors and managing agents were personally

3   involved in the decision-making process with respect to the misconduct alleged herein,

4   and/or ratified such misconduct and instructed their counsel to "take a shot at

5   arbitration."  Therefore, Plaintiffs are entitled to an award of exemplary and punitive

6   damages against Defendants and each of them in an amount to be proven at time of trial.

7        49.     Plaintiffs are entitled to prejudgment interest on the foregoing damages at

8   the rate of ten percent pursuant to Civil Code sections 3287, 3288 and/or 3291.

9        50.     Plaintiffs are entitled to an award of reasonable attorneys' fees and costs

10   pursuant to *Brandt v. Superior Court (Standard Insurance Co.)* (1985) 37 Cal.3d 813.

## THIRD CAUSE OF ACTION

### (Violation of the Unfair Competition Law  Against All Defendants)

### (Bus. & Prof. Code §§ 17200 et seq.)

14       51.     Plaintiffs re-allege and incorporate herein by reference the allegations

15   contained in Paragraphs 38 through 50 of the Second Cause of Action, as though fully set

16   forth herein.

17       52.     The Defendants violated 10 C.C.R. § 2695.7, subd. (g) by making settlement

18   offers of which were unreasonably low.  This conduct also constitutes a violation of the

19   Unfair Insurance Practices Act (Cal. Ins. Code § 790.03), including but not limited to the

20   following subsections of section 790.03, subd. (h):

21           (5) Not attempting in good faith to effectuate prompt, fair, and equitable

22           settlements of claims in which liability has become reasonably clear.

23           (6) Compelling insureds to institute litigation to recover amounts due

24           under an insurance policy by offering substantially less than the

25           amounts ultimately recovered in actions brought by the insureds, when

26           the insureds have made claims for amounts reasonably similar to the

27           amounts ultimately recovered.

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

KUZYK LAW, LLP

(7) Attempting to settle a claim by an insured for less than the amount
to which a reasonable person would have believed he or she was entitled
by reference to written or printed advertising material accompanying or
made part of an application.

53.     The foregoing conduct of the Defendants was unlawful, or unfair, and/or
fraudulent in violation of the Unfair Competition Law.

54.     Plaintiffs seek an award of reasonable attorney's fees pursuant to Civil Code
section 1021.5.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them,
as follows:

### ON THE FIRST CAUSE OF ACTION

1.     For compensatory damages according to proof in excess of the limited
jurisdiction of this Court;

2.     Economic losses in the form of loss of use of funds, professional fees
(attorneys' fees and expert fees), and costs;

3.     For consequential damages according to proof;

### ON THE SECOND CAUSE OF ACTION

4.     For compensatory damages according to proof in excess of the limited
jurisdiction of this Court;

5.     Economic losses in the form of loss of use of funds, professional fees
(attorneys' fees and expert fees), and costs;

6.     For consequential damages according to proof;

7.     For punitive or exemplary damages according to proof;

8.     For reasonable attorneys' fees and costs (*Brandt v. Superior Court (Standard Insurance Co.)* (1985) 37 Cal.3d 813);

### ON THE THIRD CAUSE OF ACTION

9.     For restitution;

- 13 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**
-21-

10. For injunctive relief;

11. For attorney's fees pursuant to Civil Code section 1021.5;

## ALL CAUSES OF ACTION

12. For prejudgment interest according to proof;

13. For costs of suit herein incurred; and

14. For such other and further relief as the Court may deem appropriate

DATED: January 12, 2021                    KUZYK LAW, LLP

                                           /S/ Mark J. Leonardo

                              BY _____
                                   Mark J. Leonardo, *Of Counsel*
                                   Attorneys for Plaintiffs
                                   JUAN GUDINO BUENROSTRO and
                                   ELVIRA DE GUDINO

- 14 -

**FIRST AMENDED COMPLAINT FOR DAMAGES**
-22-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUZYK LAW, LLP

# EXHIBT "1"

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  Robert A. Parris, Esq. (SBN: 158720)
   **ROBERT A. PARRIS, A PROFESSIONAL CORPORATION**
2  43364 10th Street West
   Lancaster, CA 93534
3  Telephone: (661) 382-2262

4              **IN THE MATTER OF THE UNINSURED MOTORIST CLAIM OF**

5

6  JUAN GUDINO BUENROSTRO AND ELVIRA DE          CASE NO: 19AVCP00104
   GUDINO,
7
                    Claimants,
8                                                ARBITRATION AWARD
   vs.
9
   ALLSTATE NORTHBROOK INDEMNITY
10 COMPANY,

11                  Respondent

12                           **INTRODUCTION**

13        This matter came on regularly for a Binding Uninsured Motorist Arbitration Hearing on October 2, 2020

14  before Neutral Arbitrator, Robert A. Parris, Esq., via video conferencing. The parties were represented by legal

15  counsel with Mark J. Leonardo at Kuzyk Law, LLP, for claimants and Irena Arakelyan from the Law Offices of

16  Gregory J. Lucett, for respondent.  All conditions were met for matter to proceed to Binding Arbitration and no

17  jurisdictional or coverage issues were presented by respondent. Both claimant and respondent counsel stipulated to

18  the following:

19        •        An insurance policy was in effect at the time and place of the accident;
          •        The claimants are insureds under coverage of the insurance policy or policy endorsement;
20        •        There are coverage limits to the insurance policy in the amount of $100,000 per person and
                   $300,000 per accident;
21        •        The driver, Earnisha Johnson, driving a 2000 Malibu Chevrolet did not have any insurance policy
                   at the time of the accident;
22        •        All exhibits and medical records are admissible without the formality of laying a foundation; and
          •        All Declarations are admissible as evidence.
23

24        This binding uninsured motorist arbitration hearing was conducted to determine the legal causation, nature,

25  extent and duration of the injuries of claimants, necessity of the medical treatment, reasonableness of the medical

26  bills, need for future medical treatment and cost of future treatment for both claimants.

27  ///

28  ///

                           ARBITRATION AWARD - 1

**FACTS, EVIDENCE, AND TESTIMONY**

This matter arises from a 3-car motor vehicle accident that took place on April 9, 2017. Mr. Buenrostro was driving a 2005 Toyota Tacoma truck with his wife, Mrs. De Gudino who was sitting in the right front passenger seat and they were on their way to dinner with some friends. Both claimants were wearing their seatbelts at the time of the accident.

There were a series of collisions which first started when the Uninsured Motorist, Ms. Johnson (who was traveling northbound at 17th street East), failed to stop at the stop sign at the intersection with Lancaster Boulevard. Ms. Johnson collided with a 2007 Hyundai Santa Fe SUV driven by Ms. Ramos who was properly travelling eastbound along Lancaster Boulevard at approximately 45 miles per hour before the initial collision occurred with Ms. Johnson's 2000 Chevy Malibu.

The force of this initial collision caused Ms. Ramos vehicle to swerve to her left and into the westbound lanes of Lancaster Boulevard, already occupied by the oncoming pickup truck driven by Juan Buenrostro who was heading westbound. Mr. Buenrostro's Tacoma was then involved in two impacts, the first one involving the Ramos SUV colliding head-on with the right front of their vehicle. Thereafter, the Ramos SUV continued to move along the Lancaster Boulevard sidewalk before coming to rest facing eastbound along westbound Lancaster Boulevard several car lengths to the rear of where Mr. Buenrostro's Tacoma came to rest. The second impact occurred when Ms. Johnson's 2000 Chevrolet Malibu also struck them along the left front and side before careening off and coming to rest alongside them.

Claimant submitted evidence that was reviewed by the arbitrator as follows: Traffic Collision Report; Google Earth photos of the scene; photographs of the vehicles at the scene; photos of claimants damaged Toyota Tacoma; Uninsured Motorist Certificates; Declaration of Maria Cardona; Declaration of Edith Barajas; Declaration of Wendy Paredes; Deposition transcript of Juan Gudino; Deposition transcript of Elvira De Gudino; and Deposition transcript of Dr. Hrair Darakjian, M.D. Claimant submitted the following records for Juan Gudino Buenrostro - Antelope Valley Hospital Emergency room medical records; Antelope Valley Hospital Billing; Antelope Valley Emergency Medical Associates Billing; Center for Orthopedics Medical Records and Report; Center for Orthopedics Billing; Jalil Rashti, M.D. Medical Reports; Jalil Rasti, M.D. billing.

Claimant also submitted the following records for Elvira De Gudino – photographs of Elvira De Gudino's injuries; photographs from Elvira De Gudino's fall on 08/24/20 Antelope Valley Hospital Medical records; Antelope

ARBITRATION AWARD - 2

1  Valley Hospital Billing; Antelope Valley Emergency Medical Associates billing; Center for Orthopedics Medical

2  records; Center for Orthopedics billing; Jalil Rashti, M.D. medical records; Jalil Rashti M.D. billing records;

3  Advanced Imaging reports; Advanced Imaging billing; Skye Spine medical records; Skye Spine billing; Swall

4  Surgery Center billing; California Neurosurgery & Pain Management medical records; California Neurosurgery &

5  Pain Management billing; Greater LA Neurosurgery & Pain management medical records; Greater LA

6  Neurosurgery & Pain Management billing; Renaissance billing.

7    Respondent submitted evidence that was reviewed by the arbitrator as follows: Traffic Collision Report;

8  PD photos; deposition transcript of Elvira Gudino; deposition transcript of Juan Gudino; Dr. Darakjian Report; IME

9  report; Juan Buenrostro's medical and billing records as follows: Center for Orthopedics and Rehabilitation billing;

10  Jalil Rashti, M.D. medical records; Antelope Valley Hospital Emergency billing; Antelope Valley Hospital billing;

11  Antelope Valley Hospital medical records; Elvira De Gudino's medical and billing records as follows: California

12  Neurosurgery and Spine billing records; California Neurosurgery and Spine medical records; Greater LA

13  Neurosurgery & Pain Management billing records; Greater LA Neurosurgery and Spine medical records; Advanced

14  Imaging Center, Inc. billing records; Advanced Imaging Center medical records; Swall Surgery Center billing

15  records; Swall Surgery Center medical records; Skye Spine and Pain Medical Group billing records; Skye Spine

16  and Pain Medical Group medical records; Jalil Rashti, M.D., billing records; Jalil Rashti, M.D. medical records;

17  Philip McCormick billing records; Center for Orthopedics and Rehabilitation medical records; Renaissance Imaging

18  billing records; Antelope Valley Hospital Emergency billing; Antelope Valley Hospital medical records.

19    The following discovery was also submitted by Respondent: Elvira De Gudino's response to Special

20  interrogatories, set one; Juan Buenrostro's responses special Interrogatories, set one; Allstate Responses to Juan

21  Buenrostros special interrogatories, set one; response to Juan Buenrostro's request for production of documents, set

22  one; response to Elvira De Gudino's request for production of documents, set one; response to Elvira De Gudino's

23  form interrogatories, set one; response to Juan Buenrostro's form interrogatories, set one; response to Juan

24  Buenrostros' supplemental demand for production of documents; response to Juan Buenrostro's supplemental

25  interrogatories, set one; response to Elvira De Gudino's supplemental demand for production of documents;

26  response to Elvira De Gudino's supplemental interrogatories, set one.

27  ///

28  ///

ARBITRATION AWARD - 3

1    During the arbitration testimony was given by claimants Juan Buenrostro, Elvira De Guidno, claimants

2    daughter Maria Cardona, and Catalino Dureza, M.D. All witnesses were sworn in by the arbitration clerk, Sarah

3    Parton.

4                          **ANALYSIS & CONCLUSION**

5    The arbitrator has carefully considered all the documents, testimony of the witnesses, evidence, and

6    material submitted in this Arbitration and awards the following:

7    Based on the evidence the arbitrator awards claimant Juan Buenrostro $32,500.00.

8    Based on the evidence, the total damages for claimant Elvira De Gudino exceeds the available Allstate

9    policy limits of $100,000.00. However, an arbitrator in an uninsured motorist claim may not award an amount in

10    excess of the applicable policy limits (Campbell vs. Farmer's Insurance Exchange. [1968]. 260 Cal. App. 2d 105,

11    37 Cal. Rptr. 175). The arbitrator awards claimant Elvira De Guidino the policy limits of $100,000.00.

12    This concludes this portion of the proceedings and I would like to thank all counsel for their

13    professionalism and outstanding presentations.

14

15

16    Date: 10/14/2020

17                          ROBERT A. PARRIS
                            Arbitrator
18

19

20

21

22

23

24

25

26

27

28

ARBITRATION AWARD - 4